IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TOM L. RUTLEDGE, SR.,

    **Petitioner,**

    vs.

JAMES N. CROSS,

    **Respondent.**　　　　　　　　　　Case No. 12-cv-1042-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    This case is before the Court on petitioner's writ of habeas corpus, filed on September 28, 2012 (Doc. 1). Petitioner is an inmate in the Federal Correctional Institution in Greenville. Pursuant to 28 U.S.C. § 2241, petitioner brings this habeas corpus action challenging the sentence the court imposed after his 1992 conviction in the Central District of Illinois. After a jury trial, the jury convicted petitioner of several crimes, including possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Petitioner's predicate offense was a 1984 conviction from Fulton County, Illinois Circuit Court. The Seventh Circuit affirmed petitioner's convictions, *U.S. v. Rutledge*, 40 F.3d 879 (7th Cir. 1995). The United States Supreme Court granted *certiorari*, vacated one of petitioner's convictions, and reversed and remanded. *Rutledge v. United States*, 517 U.S. 292 (1996). In accordance with the Supreme Court's holding, the Seventh Circuit vacated one of petitioner's convictions for conspiracy. *U.S. v. Rutledge*, 85 F.3d 632 (7th Cir. 1996).

In 1997, petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct an illegal sentence, based on the restoration of some of his civil rights after he finished serving his sentence on November 13, 1987 for completion of the 1984 conviction. Petitioner's motion was denied on that issue. *Rutledge v. United States*, 22 F.Supp.2d 871 (C.D. Ill 1998). The Seventh Circuit affirmed on that issue. *Rutledge v. United States*, 230 F.3d 1041 (7th Cir. 2000).

Petitioner filed the current habeas petition under 28 U.S.C. § 2241, under a claim of actual innocence and raising the identical issue he raised in his earlier 28 U.S.C. § 2255 petition. Specifically, petitioner argues that his civil rights were restored, thus his conviction for being a felon in possession of a firearm should be vacated. He also asserts that a second 28 U.S.C. § 2255 petition is procedurally inadequate to address his claims. Petitioner claims that since the notice he received informing him his civil rights were restored did not explicitly inform him that he was not entitled to carry or possess a firearm, he was unaware of this fact.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court authority to apply the rules to other habeas corpus cases. Following careful

review of the petition in the present case, this Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

The current petition is subject to dismissal based on the fact that it should have been brought under § 2255. In a recent case, the Seventh Circuit made it clear that, "§ 2255 is the exclusive means for a federal prisoner to attack his conviction or sentence." *Hill v Werlinger*, 695 F.3d 644, 647 (7th Cir. 2012). *Hill* further holds that a federal prisoner may bring a § 2241 petition by showing a § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Id. Hill* defines "inadequate or ineffective" as "a legal theory that could not have been presented under § 2255 [and] establishes the petitioner's actual innocence." *Id.* at 648. *See also In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). The argument that petitioner's prior conviction on which his civil rights had been restored should necessitate the vacating of his conviction as a felon in possession of a firearm could be raised in a § 2255 petition. In fact, in the current case, petitioner *did* raise his theory in a § 2255 petition, which the court denied, and the denial of which the Seventh Circuit affirmed. Therefore, petitioner cannot now use § 2241 as a vehicle for bringing his civil rights restoration claim.

Additionally, the current petition is subject to dismissal based on petitioner's reassertion of grounds that were previously determined to have no merit in his earlier motion under 28 U.S.C. § 2255. Thus, petitioner's claim is barred by *res judicata* or claim preclusion since this claim was litigated in an earlier proceeding. *See Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir.

2012). Accordingly, petitioner cannot now raise an identical issue under an additional § 2255 petition, which would be the proper vehicle for such a claim.

Petitioner has failed to demonstrate that § 2255 is an inadequate remedy for his current claim. Therefore, § 2241 cannot provide petitioner with the desired relief. Further, having raised this identical claim in an earlier § 2255 petition, he cannot raise it again. Accordingly, the petition is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Signed this 9th day of January, 2013.

David R. Herndon
2013.01.09
15:52:37 -06'00'

**Chief Judge
United States District Court**