IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TOM L. RUTLEDGE, SR.,

        Petitioner,

vs.                                                               Civil No.  12-cv-1042-DRH-CJP

JAMES N. CROSS,

        Respondent.

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Tom L. Rutledge, Sr., filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 14). In 1992, he was convicted in the Central District of Illinois of a number of offenses, including possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). He argues that he is entitled to habeas relief on that conviction because he received a letter restoring his civil rights after he completed his Illinois prison sentence on his prior felony. He also argues that, if his first point is successful, his other convictions should be overturned on a theory of "retroactive misjoinder."

Respondent argues that petitioner is precluded from bringing a § 2241 petition.

### I.    Relevant Facts and Procedural History

Petitioner was convicted of six charges related to running a narcotics enterprise. Following his direct appeal, the Supreme Court's decision in *Rutledge v. United States*, 116 S.Ct. 1241 (1996), and the resolution of his first § 2255

Page **1** of **6**

motion, he now stands convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). He was sentenced to life imprisonment on the conspiracy count, thirty years imprisonment on the distribution count, and ten years imprisonment on the felon in possession count. *Rutledge v. U.S.*, 230 F.3d 1041, 1044-055 (7th Cir. 2000).

Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in 1997. Doc. 17, Ex. C. One of the issues raised therein was "Whether Count IV (felon in possession of firearm) must be vacated because of the restoration of certain civil rights?" *Rutledge v. United States*, 22 F.Supp. 2d 871, 874 (C.D. Ill. 1998). The Central District denied this point because Rutledge failed to raise this issue on direct appeal, and did not show cause for his failure and prejudice. The Court also observed that the point had no merit, citing *United States v. Glaser*, 14 F.3d 1213 (7th Cir. 1994), *Roehl v. United States*, 977 F.2d 375 (7th Cir. 1992), and *United States v. Erwin*, 902 F.2d 510 (7th Cir. 1990). *Rutledge*, 22 F.Supp. 2d at 881-883.

Petitioner also filed numerous subsequent challenges to his convictions. His many filings in the Central District are described by District Judge Michael M. Mihm in an order dated October 26, 2012. Because of his history of filing repeated pleadings rehashing the same argument, Judge Mihm sanctioned Rutledge. Doc. 17, Ex. D. Rutledge has also been sanctioned by the Seventh Circuit for filing repeated successive collateral attacks on his convictions without

permission. *Rutledge v. United States*, Case No. 12-3673, Doc. 10 (June 25, 2013).

## II. Legal Standards Applicable to Section 2241

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (*citing Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000)). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a

constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

### III. <u>Analysis</u>

Rutledge raised a claim about restoration of his civil rights in his first § 2255 motion. Therefore, he is precluded from bringing the claim in a § 2241 petition unless the claim as now presented relies upon a change in the law. Rutledge argues that he is relying on a new rule of statutory construction announced in *Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009). However, this Court concludes that *Buchmeier* does not entitle him to relief under § 2241.

First, *Buchmeier* did not announce a new rule. Rather than announcing a new rule, *Buchmeier* reaffirmed Seventh Circuit precedent in holding that certain civil rights restoration notices that fail to address the right to possess firearms render later firearms convictions erroneous pursuant to 18 U.S.C. § 921(a)(20). The Court noted that, although the discussion of § 921(a)(20) in *U.S. v. Erwin*, 902 F.2d 510 (7th Cir. 1990), may have been dictum, the approach followed in *Erwin* "became a holding at the first opportunity [*United States v. Glaser*, 14 F.3d 1213 (7th Cir. 1994)] and has been followed ever since." *Buchmeier*, 581

F.3d at 565.

Further, even if *Buchmeier* had announced a new rule, it is not a Supreme Court decision and it does not rely on a new rule announced by the Supreme Court. The *Davenport* exception contemplates a new rule of statutory construction announced by the *Supreme Court*:

> Our decisions in *In re Davenport*, 147 F.3d 605 (7th Cir.1998), and *Brown v. Caraway*, 719 F.3d 583 (7th Cir.2013), discuss the circumstances that may justify a federal prisoner's use of § 2241 to test the validity of his conviction or sentence. When a change of law, retroactively applicable, shows that the prisoner did not commit a crime or has received an illegally high sentence, § 2241 is available if it otherwise would be impossible to implement *the Supreme Court's intervening decision*. Section 2255(h) allows for a new round of collateral review in response to retroactive constitutional decisions, but Congress did not appear to contemplate the possibility of retroactive statutory decisions that show a prisoner's innocence. That's the flaw that *Davenport* and *Brown* see as justification for invoking § 2241.

*Webster v. Caraway*, ___ F.3d ___, 2014 WL 3767168, at *2 (7th Cir. 2014)[emphasis added]. See also, *Light v. Caraway*, ___ F.3d ___, 2014 WL 3811001, at *2, noting that "[O]ur circuit allows for a § 2241 challenge based on a new statutory interpretation by the Supreme Court, provided three conditions set forth in *Davenport* are satisfied . . . ."

Here, there is no intervening decision by the Supreme Court and no "structural problem" in § 2255 foreclosed one round of collateral review. Petitioner raised the claim about the restoration of his civil rights in his first § 2255 motion. The fact that the claim was unsuccessful does not mean that the remedy afforded by § 2255 was inadequate to test the legality of his detention.

*Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). Therefore, he cannot invoke § 2241.

### IV. Conclusion

Tom L. Rutledge, Sr.'s Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 14) is **DENIED**.

This action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 26th day of September, 2014.

Digitally signed by David R. Herndon
Date: 2014.09.26 08:36:30 -05'00'

**Chief Judge**
**United States District Court**